**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4221**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MISAEL SANDOVAL DELGADO, a/k/a Misael
Sandoval,

Defendant - Appellant.

**No. 04-4434**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MISAEL SANDOVAL DELGADO, a/k/a Misael
Sandoval,

Defendant - Appellant.

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte. Richard L. Voorhees,
District Judge. (CR-01-104)

Submitted: July 29, 2005          Decided: September 16, 2005

Before WILKINSON, MOTZ, and KING, Circuit Judges.

No. 04-4221 dismissed; No. 04-4434 affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Jack M. Knight, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Misael Sandoval Delgado pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count One); possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000).  In No. 04-4434, Delgado appeals, contending that the district court erred when it denied his motion to withdraw his guilty plea and that his sentence violates the Sixth Amendment because the district court, rather than a jury, made findings regarding the amount of cocaine for which he was responsible.  We affirm.*

I

There was no written plea agreement in this case. Delgado's Fed. R. Crim. P. 11 hearing was conducted on May 22, 2002.  At the hearing, Delgado stated that he understood the

---

*In No. 04-4221, Delgado appeals the district court's order denying his "Motion for Permission to File an Out-of-Time Appeal or, in the Alternative, Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence."  After the district court ruled on this motion, the court vacated the original criminal judgment, directed that a new criminal judgment with the same sentence be filed, and ordered counsel be appointed for Delgado to pursue a direct appeal. Because Delgado has received the relief he sought--namely, an opportunity to appeal from the criminal judgment--we dismiss No. 04-4221 as moot.

charges against him, the potential sentence that he faced for each charged offense, the applicability of the sentencing guidelines, and the rights he was waiving by pleading guilty. Delgado stated that he was pleading guilty because he was in fact guilty of the offenses charged. He claimed to have had ample time to consult with his attorney.

On August 7, 2002, Delgado sent the court a letter stating that he wanted to withdraw his guilty plea with respect to the firearm offense. He gave no reason for his request. Following a hearing, the district court denied the motion, applying the six factors identified in United States v. Wilson, 81 F.3d 1300 (4th Cir. 1996).

Delgado's presentence report (psr) assigned a base offense level of 32, representing at least five, but less than fifteen, kilograms of cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1 (2001). Two levels were deducted for acceptance of responsibility. See USSG § 3E1.1(a). With a resulting offense level of 30 and a criminal history category of I, Delgado's guideline range was 97-121 months. Because the statutory minimum sentence on the drug charges was ten years, the guideline range became 120-121 months, to be followed by a mandatory consecutive sentence for the firearm conviction of not less than five years. There were no objections to the psr that affected the term of imprisonment. The district court adopted the psr and sentenced

Delgado to 120 months on the drug offenses, to run concurrently, and sixty months consecutive on the firearms offense.

## II

Delgado claims that the district court erred when it denied his motion to withdraw his guilty plea.  We review the district court's decision for abuse of discretion.  Wilson, 81 F.3d at 1305.

A defendant seeking to withdraw a guilty plea prior to sentencing must demonstrate a "fair and just reason" for withdrawal.  See Fed. R. Crim. P. 11(d)(2)(b); United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 540 U.S. 126 (2004).  In determining whether a fair and just reason exists, the most important question is whether the Rule 11 hearing was properly conducted, and the plea counseled and voluntary.  Id. at 413-14.  Other factors that may bear on whether withdrawal should be allowed include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Here, the transcript of the Rule 11 proceeding demonstrates compliance with the Rule and supports the district court's finding that Delgado's guilty plea was counseled, knowing, and voluntary. There was no credible assertion of legal innocence. The delay of two and one-half months between the plea and Delgado's letter to the court weighs against permitting withdrawal. Nothing in the record suggests that Delgado's attorney was incompetent; indeed, Delgado professed his satisfaction with his lawyer's services. Finally, Delgado entered his plea the morning his trial was scheduled to begin; jury selection was completed at 7:30 p.m. the previous evening. Allowing withdrawal of the plea would have prejudiced the United States, which had spent significant time preparing for trial, and inconvenienced the court, which had already expended considerable time and resources on the case. Therefore, the district court did not abuse its discretion in denying the motion.

## III

Although the district court rather than a jury determined the amount of cocaine for which Delgado was held responsible at sentencing, we conclude that Delgado's sentence does not violate the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Quite simply, Delgado admitted at the Rule 11 proceeding that he

conspired to distribute and possessed with intent to distribute more than five kilograms of cocaine. He accordingly was assigned a base offense level of 32 at sentencing, representing at least five, but less than fifteen, kilograms of cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1 (2001).

In Booker, the Court held that enhancing sentences based on facts found by the court alone and not by the jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 125 S. Ct. at 756 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Because Delgado admitted that he was responsible for five kilograms of cocaine, there was no Sixth Amendment violation.

IV

We accordingly affirm No. 04-4434. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-4221 DISMISSED
No. 04-4434 AFFIRMED

- 7 -